UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHY BRANCH,<br><br>                  Plaintiff,<br><br>  v.<br><br>LILAC HOLDINGS, LLC,<br><br>                  Defendant. | Case No. 21-cv-00605-BAS-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO SET ASIDE AND REMAND (ECF No. 10);**<br><br>**(2) SETTING ASIDE JUDGMENT (ECF No. 9); and**<br><br>**(3) REMANDING CASE TO SAN DIEGO SUPERIOR COURT** |

     Before the Court is Plaintiff Kathy Branch's motion (1) to set aside the judgment for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(4), and (2) to remand the case to state court. (Mot., ECF No. 10.) Defendant Lilac Holdings, LLC d/b/a Reo Vista Healthcare Center opposes. (Opp'n, ECF No. 11.) The Court finds this motion suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). Having considered all arguments and for the reasons stated below, the Court **GRANTS** Plaintiff's Motion in its entirety

(ECF No. 10), **SETS ASIDE** the prior judgment (ECF No. 9), and **REMANDS** the action to San Diego Superior Court.[1]

## I. BACKGROUND

Plaintiff Kathy Branch alleges that her mother, Sandra Hart, suffered severe neglect while a resident at Defendant's skilled nursing facility. (Compl. ¶¶ 1–3, 8, 10, Ex. 2 to Notice of Removal, ECF No. 1.) In particular, Plaintiff alleges that "Defendant[] failed to implement effective infection control policies throughout [its] facility which enabled Ms. Hart to contract COVID-19" and "neglected Ms. Hart's nutritional and liquid needs to the point that her COVID-19 symptoms worsened and she developed hypernatremia." (*Id*. ¶¶ 22–23.) Ms. Hart ultimately passed away in June of 2020. (*Id* ¶ 23.)

On December 3, 2020, Plaintiff filed this action in state court on behalf of her mother and herself asserting state law claims for elder abuse, negligence, wrongful death, and willful misconduct. (*Id.* ¶¶ 31–65.) Defendant removed the action to federal court on April 7, 2021 averring that federal jurisdiction was proper because: (1) the Public Readiness and Emergency Preparedness ("PREP") Act completely preempts Plaintiff's claims; (2) Plaintiff's claims implicate embedded federal questions; and (3) Defendant qualifies as a person "acting under" federal officers within the federal officer removal statute. (Notice of Removal ¶¶ 8–93.) Plaintiff did not challenge the removal or move to remand the case to state court for lack of subject matter jurisdiction.

Defendant moved to dismiss the case on April 14, 2021 and Plaintiff did not oppose. (ECF No. 4.) The Court dismissed the case and entered final judgment on June 16, 2021. (Dismissal Order, ECF No. 8 ("The Court therefore deems Plaintiff's failure to oppose Defendant's motion as consent to granting it."); *see also* J., ECF No. 9.) Plaintiff's time to appeal the judgment lapsed on July 16, 2021 yet she never appealed. *See* 28 U.S.C. § 2107(a). In sum, despite multiple opportunities to challenge subject matter jurisdiction—

---

[1] Both parties ask the Court to take judicial notice of, *inter alia*, publications of the Department of Health and Human Services ("HHS"). (ECF Nos. 10-1, 11-1.) The Court **DENIES** these requests as moot because it did not rely on facts in any of the documents to decide the present motion.

including by bringing a motion to remand, opposing Defendant's motion to dismiss, or appealing the judgment—Plaintiff failed to take any action.

Now, for the first time, Plaintiff raises this Court's lack of federal subject matter jurisdiction in her Motion to set aside the judgment and remand. (Mot.) This motion is devoid of any explanation for her failure to participate in the litigation up until this point. Defendant opposes Plaintiff's motion, asserting the same three bases for subject matter jurisdiction articulated in its Notice of Removal. (*Compare* Notice of Removal ¶¶ 8–93 *with* Opp'n 4–24.) Plaintiff did not reply.

## II.  LEGAL STANDARD

Rule 60(b)(4) expressly allows for final judgments to be declared void in some circumstances, including situations in which the court lacked subject matter jurisdiction to enter judgment in the first place. *Hoffmann v. Pulido*, 928 F.3d 1147, 1151 (9th Cir. 2019) (citing *See Yanow v. Weyerhaeuser S.S. Co.*, 274 F.2d 274, 278 n.7 (9th Cir. 1958)). But the scope of what constitutes a void judgment is narrowly circumscribed, and judgments are deemed void only where the assertion of jurisdiction is truly unsupported. *Jones v. Giles*, 741 F.2d 245, 248 (9th Cir. 1984); *see also United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) ("[A] judgment is void because of a jurisdictional defect [only in the] exceptional case in which the court that rendered judgment lacked even an 'arguable basis' for jurisdiction."). If any jurisdictional flaw could be the basis of a voidness challenge, litigants would have unending opportunities to second-guess a court's legal determination as to its jurisdiction outside of the typical appellate review process, and the court's interest in finality would be undermined. *Jones*, 741 F.2d at 248.

## III.  ANALYSIS

### A.  Plaintiff's Failure to Appeal

As a threshold issue, the Court first considers whether Plaintiff's Rule 60(b)(4) motion is proper despite her lack of participation in the proceedings prior to final judgment and her subsequent failure to appeal. As discussed above, the Court initially dismissed the Complaint because Plaintiff failed to respond to Defendant's Motion to Dismiss. Plaintiff

did not appeal the Court's judgment. Her failure to appeal is important because "motions to vacate under Rule 60(b) are not a substitute for appeal." *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 771 (9th Cir. 1986); *see also Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) ("Allowing motions to vacate pursuant to Rule 60(b) after a deliberate choice has been made not to appeal, would allow litigants to circumvent the appeals process and would undermine greatly the policies supporting finality of judgments."); *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) ("Rule 60(b) cannot properly be invoked for the purpose of extending the time for appeal which had already expired.").

However, the Court recognizes there is tension between the notion that failure to appeal a judgment precludes a later attempt to void the judgment, and the nondiscretionary principle that district courts *must* set aside void judgments. *See Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir. 1985) ("A void judgment is a legal nullity and a court considering a motion to vacate has no discretion in determining whether it should be set aside."); *Jones*, 741 F.2d at 248. Additionally, the fact that there is no time limit to bring a Rule 60(b)(4) motion suggests the importance of vacating void judgments. *Million (Far E.) Ltd. v. Lincoln Provisions Inc. USA*, 581 F. App'x 679, 682 (9th Cir. 2014).

Because the "absence of subject matter jurisdiction may render a judgment void" and "federal courts have authority to determine jurisdiction," *Jones*, 741 F.2d at 248, this Court will consider Plaintiff's motion challenging its subject matter jurisdiction at the time it entered judgment, despite her failure to appeal the judgment. *See also In re Martinez*, 721 F.2d 262, 264 (9th Cir. 1983) (finding that because federal courts are tribunals of limited jurisdiction, they have both the inherent authority and the responsibility to consider their own jurisdiction). This is especially true in light of the recent Ninth Circuit decision, *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 689 (9th Cir. 2022), which suggests that this Court lacked subject matter jurisdiction when it entered final judgment, as discussed in more detail below.

### B. Arguable Basis for Subject Matter Jurisdiction in Federal Court

Where, as here, a Rule 60(b)(4) Motion challenges the Court's subject matter jurisdiction, the Court asks whether it lacked even an arguable basis for subject matter jurisdiction at the time it entered final judgment. *See Espinosa*, 559 U.S. at 271. If the Court answers the question affirmatively, the final judgment is void and therefore legally ineffective. *Id.*; *Watts*, 752 F.2d at 410.

Defendant articulated three grounds for subject matter jurisdiction in its Notice of Removal and again in its Opposition: (1) Plaintiff's claims implicate embedded federal questions; (2) the PREP Act completely preempts Plaintiff's claims; and (3) Defendant qualifies as a person "acting under" federal officers within the federal officer removal statute. Despite the novelty and unsettled nature of these grounds at the time Defendant made them, the law has since become definitive. In resolving a case with nearly identical facts and asserted jurisdictional grounds, the Ninth Circuit concluded there was no basis for federal jurisdiction. *Saldana*, 27 F.4th at 689. The Court addresses each of Defendant's arguments below, considering the Ninth Circuit's reasoning in *Saldana*.

#### 1. Federal Question Jurisdiction

The presence of federal question jurisdiction is generally governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal subject matter jurisdiction does not arise from "a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal*, 463 U.S. 1, 13–14 (1983).

Under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), however, claims pled as state law claims can invoke federal question jurisdiction if they "necessarily raise a stated federal issue, actually disputed and

substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314.

Defendant contends that federal question jurisdiction exists under *Grabel* because Plaintiff's claims "implicate disputed and substantial federal issues under the PREP Act"—specifically whether the PREP act confers immunity on Defendant.[2] (Opp'n 18.) This federal issue, however, relates to a defense rather than any allegation or claim on the face of the Complaint. *Saldana*, 27 F.4th at 688 ("[Defendant] seeks to raise a federal defense under the PREP Act, but a federal defense is not a sufficient basis to find embedded federal question jurisdiction."); *Thomas v. Pomona Healthcare & Wellness Ctr.*, No. 2:22-CV-00179-SVW-PLA, 2022 WL 845349, at *3 (C.D. Cal. Mar. 22, 2022); *see also Padilla v. Brookfield Healthcare Ctr.*, No. CV 21-2062-DMG (ASx), 2021 WL 1549689, at *6 (C.D. Cal. Apr. 19, 2021) ("[I]mmunity under the PREP Act is a defense, not a necessary aspect of Plaintiffs' state law claims."). Thus, because there is no embedded federal issue in the Complaint, this Court lacks federal question jurisdiction under *Grabel*. *See Thomas*, 2022 WL 845349, at *3.

### 2.  Complete Preemption Under the PREP Act

The United States Supreme Court has concluded that the preemptive force of some federal statutes is so strong that they "completely pre-empt" an area of state law. *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987). The Ninth Circuit applies a two-part test to determine whether a statue is a complete preemption statute: (1) did Congress intend to displace a state-law cause of action and (2) did Congress provide a substitute cause of action. *Saldana*, 27 F.4th at 687–88. When complete preemption applies, the state-law nature of the plaintiff's claim is "displace[d]" and the claim is considered "purely a creature of federal law." *Franchise Tax Bd.*, 463 U.S. at 23–24. Complete preemption is rare, s*ee Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018), however,

---

[2] Throughout its briefing Defendant relies on various HHS declarations and opinions. (*See, e.g.*, Opp'n. 18.) This Court need not consider those materials. In *Saldana* the Ninth Circuit made clear that HHS declarations and advisory opinions are not final agency interpretations entitled to any deference. 27 F.4th at 687.

when complete preemption is found it constitutes a narrow exception to the well-pleaded complaint rule and provides a basis for federal subject matter jurisdiction, *see Thomas*, 2022 WL 845349, at *3.

Defendant argues that the PREP Act completely preempts Plaintiff's state law claims and therefore confers federal jurisdiction. (Opp'n 4–14.) However, in *Saldana*, the Ninth Circuit explicitly held that "under this court's two-part test, the PREP Act is not a complete preemption statute." *Saldana*, 27 F.4th at 688 (finding that nothing indicated Congress intended the PREP Act to displace state law claims or intended to convert those claims into federal ones, nor provide a substitute cause of action). And in fact, *Saldana* abrogated much of the authority that Defendant relies on for the proposition that the PREP Act is a complete preemption statute. *See, e.g.*, *Thomas*, 2022 WL 845349, at *4 ("*Garcia* was clearly abrogated on this issue by the Ninth Circuit in Saldana."). Since the PREP Act is not a complete preemption statute, it does not provide an exception to the well-pleaded complaint rule, and does not therefore provide a basis for federal subject matter jurisdiction. *Saldana*, 27 F.4th at 688; *Thomas*, 2022 WL 845349, at *3–4.

### 3. Federal Officer Removal Statute

Under 28 U.S.C. § 1442(a)(1), federal jurisdiction exists over state court actions brought against "[t]he United States or any agency thereof or any officer (or any person acting under that officer)." Private parties can exercise federal officer jurisdiction when they can show that they were a "person acting under" a federal officer. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006). To do so, a party must demonstrate that "(a) it is a person within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Stirling v. Minasion*, 955 F.3d 795, 800 (9th Cir. 2020).

Defendant argues that Section 1442(a)(1) is applicable because "all actions [it took] in preparation for and in response to the COVID-19 pandemic were taken 'in an effort to assist, or help carry out, the duties or tasks' as ordered by [Federal Agencies], and

1  performed pursuant to the direct orders and comprehensive and detailed directives issued
2  by these agencies." (Opp'n. 23.) Defendant also asserts that it was "acting at the direction
3  of the federal government to prevent, treat and contain COVID-19 at the facility and in its
4  care and treatment of Ms. Hart." (*Id.*)  However, "[a] private firm's compliance (or
5  noncompliance) with federal laws, rules, and regulations does not by itself fall within the
6  scope of the statutory phrase 'acting under' a federal 'official.'" *Watson v. Philip Morris
7  Cos., Inc.*, 551 U.S. 142, 147, 153 (2007). "And that is so even if the regulation is highly
8  detailed and even if the private firm's activities are highly supervised and monitored." *Id.*

9  Defendant also argues that Section 1442(a)(1) applies since healthcare providers
10  were deemed "critical infrastructure" businesses in a memorandum from the Cybersecurity
11  and Infrastructure Security Agency (CISA), which obligated Defendant to aid the federal
12  government in preventing the spread of the virus. (Opp'n 21.) The Ninth Circuit rejected
13  the identical argument in *Saldana* however, noting that "the memorandum also states that
14  the national critical infrastructure list 'does not impose any mandates on state or local
15  jurisdictions or private companies.'" 27 F.4th at 685. "It cannot be that the federal
16  government's mere designation of an industry as important—or even critical—is sufficient
17  to federalize an entity's operations and confer federal jurisdiction." *Id.* (citing *Buljic v.
18  Tyson Foods, Inc.*, 22 F.4th 730, 740 (8th Cir. 2021)).

19  Accordingly, as *Saldana* concluded, "[a]ll that [defendant] has demonstrated is that
20  it operated as a private entity subject to government regulations, and that during the
21  COVID-19 pandemic it received additional regulations and recommendations from federal
22  agencies. Thus, [defendant] was not 'acting under' a federal officer or agency as
23  contemplated by the federal officer removal statute." 27 F.4th at 686.  Thus, the mere fact
24  that Defendant followed government regulations—even if exactly detailed—does not
25  provide a basis for jurisdiction here.  *See id.*

26  The Ninth Circuit's decision in *Saldana* makes clear that this Court does not have—
27  and never had—a legitimate basis to assert subject matter jurisdiction over Plaintiff's case.
28  None of the grounds for jurisdiction articulated by Defendant confer jurisdiction on this

Court, so there can be no arguable basis that this Court had jurisdiction at the time it entered final judgment. *Saldana*, 27 F.4th at 689. Because the Court lacked an arguable basis for jurisdiction at the time it dismissed Plaintiff's case and entered judgment, it must declare the judgment void and set it aside. *See Watts v. Pinckney*, 752 F.2d 406, 410 (9th Cir. 1985). Accordingly, the Court **GRANTS** Plaintiff's Motion to Set Aside the Judgment pursuant to Rule 60(b)(4). (ECF No. 10.)

### C. Remand

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Saldana*, 27 F.4th at 683 (quoting 28 U.S.C. § 1447(c)). Now that the Court has set aside the final judgment finding that it lacked subject matter jurisdiction, it must remand the case. *Id*. The Court therefore **GRANTS** Plaintiff's Motion to Remand (ECF No. 10) and **REMANDS** the case back to San Diego Superior Court. *Cf. Id.* (affirming remand based on a finding that identical jurisdictional bases do not confer subject matter jurisdiction on the district court); *Thomas*, 2022 WL 845349, at *5 (finding same).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion is **GRANTED**. Specifically, the Court **VACATES** its Dismissal Order (ECF No. 8), **SETS ASIDE** the Judgment (ECF No. 9), and **REMANDS** the case back to the Superior Court of California, San Diego County. The Clerk of Court is directed to close the instant proceedings.

**IT IS SO ORDERED.**

**DATED: April 21, 2022**

Hon. Cynthia Bashant
United States District Judge